IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LINDA L. MOORE,                          :

              **Plaintiff**        :        **Civil Action 2:08-cv-350**

v.                                       :        **Judge Watson**

COMMISSIONER OF SOCIAL                   :        **Magistrate Judge Abel**
SECURITY,
                                         :
              **Defendant**


## ORDER


On April 15, 2008, Plaintiff Linda L. Moore filed this action pursuant to 42 U.S.C.

§405(g), seeking review of the Commissioner's final decision denying her application for

Disability Insurance Benefits. On March 2, 2009, the Magistrate Judge issued a Report and

Recommendation that the decision of the Commissioner of Social Security be affirmed. This

matter is now before the Court pursuant to Plaintiff's objections (Doc. 13).

Plaintiff Linda Moore maintains that she became disabled at age 59 by depression,

irritable bowel syndrome, psoriasis, psoriatic arthritis, chronic backache, the residuals of ankle

fractures, leg pain and chronic bronchitis. The ALJ found that through the date her disability

status expired Moore retained the ability to perform light work, including her previous work

managing her husband's construction company.

Plaintiff argues that the Magistrate Judge did not "fully and fairly address the points of

error assigned to the ALJ" and "inadequately presents Plaintiff's position". (Doc. 13 at 2.)

Specifically, she claims that "the Plaintiff's position is not just that the ALJ found her allegations

not fully credible, but that the ALJ found those parts he liked as credible and those parts he did

not like as not credible." (Doc. 13 at 3.) She also contends that the ALJ failed to give the

functional capacity opinion of her treating physician, Dr. Harvey, proper weight.

Plaintiff states initially:

> Plaintiff's last date insured was December 31, 2004. Magistrate Judge Abel
> suggests that evidence after this date is "not relevant" (R&R at 2.) However, this
> is clearly erroneous just as Magistrate Judge Abel indicates.

(Doc. 13 at 3.) Plaintiff's interpretation of the report and recommendation is erroneous.

Magistrate Judge Abel stated:

> Plaintiff argues that the ALJ failed to give proper weight to her treating physician,
> and that the ALJ failed to properly assess her credibility. Defendant responds that
> much of the medical evidence which Plaintiff cites dates from after the period of
> her eligibility and is thus not relevant, and that substantial evidence existed to
> support the Commissioner's decision.

(Doc. 12 at 2.) The Magistrate Judge was, in this passage, clearly summarizing the

Commissioner's argument with respect to the medical evidence from his memorandum in

opposition. (Doc. 11 at 4.) Plaintiff does not raise any specific objection on this matter.

However, she does apparently assert that the Magistrate Judge agreed with the ALJ's rejection of

Dr. Harvey's August 7, 2007 residual functional capacity ("RFC") evaluation because it was

completed after Plaintiff's last date insured. (Doc. 13 at 3.) This, she seems to argue, would be

erroneous, because the RFC was an assessment of Plaintiff's condition on her last date insured,

not evidence of her condition on the date of the RFC.

It is clear from the Report and Recommendation that the Magistrate Judge comprehended

2

the nature of Dr. Harvey's RFC; it states that "[o]n August 7, 2007, Dr. Harvey completed a physical capacity evaluation of Plaintiff *as of December 2004*". (Doc. 12 at 7, emphasis added.) The ALJ's decision clearly did not deprecate the RFC because of the fact that it was issued after Plaintiff's last date insured, but rather because it was a perfunctory series of checked boxes without context or explanation, and because it was inconsistent with Dr. Harvey's other treatment records. (Doc. 12 at 12-13.) These were "good reasons" for giving the RFC little weight. 20 C.F.R. §404.1527(d)(2). The Report and Recommendation therefore did not erroneously discount Dr. Harvey's RFC merely because of the date on which it was completed.

Plaintiff's second argument is that the ALJ erred by finding her only partially credible – specifically, that he "found those parts he liked as credible and those parts he did not like as not credible". She states:

> For example, the ALJ uses Plaintiff's testimony to conclude that she is capable of performing her past work, which was identified as light work. However, he also contends that her testimonial allegations are not credible. The ALJ says that Plaintiffs' testimony that she can stand for 20 minutes, sit for 60 minutes, and lift a gallon of milk, supports a conclusion that she can sustain an eight hour work day at light work. However, the Plaintiff's testimony, and therefore, the ALJ's conclusion, are completely inconsistent with light work which requires lifting up to 20 pounds, "a good deal of standing," and "sitting most of the time". The ALJ fails to account for this inconsistency and fails to justify basing his conclusion on Plaintiff's testimony, which is not only inconsistent with light work, but also is considered not credible by the ALJ elsewhere in his decision. Therefore, the ALJ's finding in this regard is not supported by substantial evidence.

(Doc. 13 at 4, citations omitted.)

An ALJ "is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d at 469, 476 (6th Cir. 2003), citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

525, 531 (6th Cir. 1997). An ALJ's credibility determinations about a claimant are to be given great weight. However, they must also be supported by substantial evidence. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007).

Plaintiff is, in her objection, actually making two claims about the ALJ's opinion: first, a factual assertion that he only believed portions of her testimony, and second, a subjective claim that the ALJ chose to believe only the parts which he "liked". As Plaintiff makes no formal claim of bias against the ALJ, the Court will disregard the implied allegation that the ALJ personally desired one outcome or another as mere rhetoric. In the absence of an imputed motive, however, Plaintiff's claim is really nothing more than that the ALJ found some things which she said believable and others not so, and that it was erroneous to do this. This assertion is difficult to distinguish from an argument that an ALJ must either accept a Plaintiff's subjective claims *in toto* or reject them entirely.

The example she cites does little to create a distinction. Plaintiff states that the ALJ claimed not to believe her testimonial allegations, but found that her testimony as to her limited abilities supports a conclusion that she can perform light work. However, Plaintiff's testimony at the hearing did not match the statutory definition of "light work". Therefore, argues Plaintiff, the ALJ's finding that she could perform light work was not supported by substantial evidence.

The Court rejects the concept that an administrative law judge must either take or leave a Plaintiff's testimony as a whole. A finder of fact is always free to accept some parts of a witness' testimony and to reject others. In the example Plaintiff cites, she is correct that the ALJ could not have reasonably concluded from her testimony *alone* that she was capable of light work. However, it is evident from his findings that he did not depend solely upon her testimony.

4

Instead, Plaintiff's testimony, together with other substantial evidence at hand such as the physical capacity evaluations of Drs. McCloud and Tripathi, "support[ed] a conclusion that she can sustain an eight hour day at light work." The ALJ apparently believed that Plaintiff had severe limitations, but that they were not as severe as she claimed them to be; he therefore found her testimony to support a finding of capability for light work to the extent that it showed that she was not utterly bedfast. He was not required to opt between accepting her testimony at face value and ignoring it completely.

The Plaintiff has not identified any basis for overturning the Commissioner's decision. That decision must be upheld if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the evidence could support a contrary decision. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Here, it is apparent that the ALJ did not fail to give controlling weight to the RFC of Plaintiff's treating physician merely because of the date on which it was created, but rather because it was inconsistent with other substantial evidence in the record. Moreover, the ALJ did not err in finding only portions of Plaintiff's testimony credible. Consequently, the Report and Recommendation of the Magistrate Judge (Doc. 12) is **ADOPTED**, the determination of the Commissioner is **UPHELD**, and this matter is furthermore **DISMISSED**.

Michael H. Watson, Judge
United States District Court

5